UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KRISTOFER RAY HEPFINGER,

    Plaintiff,

v.                                                CASE NO. 8:21-cv-2437-WFJ-SPF

CINTAS CORPORATION,
PATRICK MCGURK, and
DANIEL YOUNG,

    Defendants.
_____/

## ORDER

Before the Court is Defendants' motion to compel arbitration and to stay this case pending arbitration or, alternatively, dismiss this case (Dkt. 5); Plaintiff's response (Dkt. 10); and the reply (Dkt. 13). After careful consideration the parties' submissions, the Court concludes the motion should be granted.

## BACKGROUND

In this removed action, Plaintiff seeks to recover damages for employment discrimination, including hostile work environment, and retaliation pursuant to the Uniformed Services Employment and Reemployment Rights Act, 38 U.S.C. § 4301 et seq. ("USERRA") and section 250.82 of the Florida Statutes. Dkt. 1-3 (state court complaint). Plaintiff also seeks relief for violations of section 448.102 et seq. of the Florida Statutes (Florida's Private Sector Whistle-blower Act). *Id*.

Plaintiff is a member of the Air Force National Guard and was employed by Defendant Cintas Corporation starting in 2012. Dkt. 1-3 at 4. Upon his transfer to the St. Petersburg facility in October 2017, he was promoted to a managerial position. Dkt. 1-3 at 4. Plaintiff alleges the hostile work environment related to his military service and disparate treatment based on veteran status began in May 2018. *Id*. ¶ 18. At that time Plaintiff met with the human resources department ("HR") to discuss the issue of hostility relative to the USERRA. *Id*. at ¶ 21. Plaintiff alleges non-veterans were not subjected to the same scrutiny, surveillance, and hostility as he was, based on his military leave. Id. ¶¶

Plaintiff signed several employment agreements, including the most recent one signed August 8, 2018. Dkt. 13-2 ¶ 4 & 13-2 at 3–38. The August 2018 agreement titled "Florida Employment Agreement for Sales, Service and Marketing Personnel," provides that the Federal Arbitration Act applies:

> 7.   APPLICABLE LAW.
>
> THIS AGREEMENT WILL BE INTERPRETED, GOVERNED AND ENFORCED ACCORDING TO THE FEDERAL ARBITRATION ACT AND, EXCEPT AS OTHERWISE REQUIRED BY APPLICABLE LAW, THE SUBSTANTIVE LAW OF THE STATE WHERE EMPLOYEE CURRENTLY WORKS FOR EMPLOYER OR MOST RECENTLY WORKED FOR EMPLOYER.

Dkt. 13-2 at 36 (capitalization in original). The agreement continues:

> 8.   EXCLUSIVE METHOD OF RESOLVING DISPUTES OR DIFFERENCES.

> Should any dispute or difference arise between Employee and Employer concerning whether either party at any time violated any duty, right, law, regulation, public policy, or provision of this Agreement, the parties may confer and attempt to resolve promptly such dispute or difference. . . . The rights and claims of Employee covered by this Section 8, including the arbitration provisions below, include Employee's rights or claims for damages as well as reasonable costs and attorneys' fees, caused by Employer's violation or any provision of this Agreement or any law, regulation or public policy. The rights and claims of Employee covered by this Section 8, including the arbitration provisions below, specifically include but are not limited to all of Employee's rights or claims arising out of or in any way related to Employee's employment with Employer, such as rights or claims arising under the [ADEA, Title VII, the ADA, the FLSA, the ERISA], state anti-discrimination statutes, other state or local laws regarding employment, common law theories such as breach of express or implied contract, wrongful discharge defamation, and negligent or intentional infliction of emotional distress. . . .

*Id*. The agreements prior to this 2018 agreement, when Plaintiff worked in an Ohio facility, contain similar arbitration provisions.

## DISCUSSION

Defendants seek to compel arbitration in accordance with the contract of August 8, 2018. Plaintiff argues that Defendants not only waived their right to arbitrate, but the arbitration agreement is invalid because it was signed both after the offending conduct occurred and after the Defendants became aware of the violative conduct.

### *Waiver*

To establish waiver, the party opposing arbitration must show "(1) the party seeking arbitration substantially participated in litigation to a point inconsistent

3

with an intent to arbitrate; and (2) that this participation resulted in prejudice to the opposing party." *Burch v. P.J. Cheese, Inc.*, 861 F.3d 1338, 1350 (11th Cir. 2017) (citation and internal alterations omitted). "Prejudice exists when the party opposing arbitration undergoes the types of litigation expenses that arbitration was designed to alleviate." *In re Checking Account Overdraft Litig.*, 754 F.3d 1290, 1294 (11th Cir. 2014) (citation and internal quotation marks omitted). Any doubts as to arbitrability are resolved in favor of arbitration, and the party arguing waiver bears a heavy burden. *Burch*, 861 F.3d at 1351(citation omitted).

After receiving a demand letter from Plaintiff, Defendants invoked the arbitration agreement on September 3, 2021. Dkt. 13 at 2–3; Dkt. 13-1. Plaintiff filed this lawsuit in state court on September 15, 2021. Dkt. 1-3. Defendants timely removed the case to this Court and filed their motion to compel arbitration. Dkts. 1, 5. Plaintiff concedes Defendants have not participated in discovery. Dkt. 10 at 5–6 (Defendants did not respond to discovery request).

Plaintiff cites *Pajcic v. Am Gen. Life Ins. Co.*, 419 F. Supp. 2d 1380, 1382 (M.D. Fla. 2006), which is inapposite. *Pajcic* does not address waiver in the context of arbitration. Here, Defendants did not participate in, or further the progress of, the litigation before raising the applicability of the arbitration agreement and filing the motion to compel. No other actions have taken place in this litigation. Plaintiff has not met his heavy burden of showing waiver.

4

## *Invalid Agreement*

Plaintiff does not argue that the claims are not covered by the arbitration provision in the agreement. Rather, he takes issue with the timing of his signing the agreement. He argues that the alleged discriminatory conduct and Defendants' knowledge of those violations occurred prior to August 8, 2018, which exhibits an intent to force Plaintiff to arbitrate. Citing no factual or legal authority, Plaintiff argues that Defendants wrongfully "coerced" him into signing an arbitration agreement based solely on the self-evident timing—that Defendants required a new agreement only after they became aware of Plaintiff's claims.

This argument fails. The five prior agreements signed by Plaintiff when he worked in the Toledo, Ohio facility all contained similar arbitration provisions. Dkt. 13-2 at 3–31. Even if the most recent agreement were invalid, Plaintiff is bound by the employment agreement he signed prior to the August 2018 contract. Finally, as noted by Defendants in their reply, a contractual defense to the whole agreement will not prevent an arbitration provision from taking effect. *See, e.g., Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63, 70–71 (2010) ("[A] party's challenge . . . to the contract as a whole does not prevent a court from enforcing a specific agreement to arbitrate.").[1]

---

[1] "[U]nless a defense relates specifically to the arbitration agreement, it must be submitted to the arbitrator as part of the underlying dispute." *Primerica Life Ins. Co. v. Brown*, 304 F.3d 469, 472 (5th Cir. 2002).

5

It is therefore **ORDERED AND ADJUDGED** that Defendants' Motion to Compel Arbitration and stay the case (Dkt. 5) is granted. The parties are directed to arbitrate the claims pursuant to the August 2018 agreement. This case is stayed, and the Clerk is directed to administratively close the case, pending arbitration. The parties shall notify the Court upon conclusion of arbitration.

**DONE AND ORDERED** at Tampa, Florida on December 27, 2021.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

**COPIES FURNISHED TO**:
Counsel of record